# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2074 (RWR) |
| | ) | |
| CONDOLEEZA RICE, SECRETARY OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves, pursuant to Fed. R. Civ. P. 56(c), for summary judgment in this Freedom of Information Act claim. The Court is respectfully referred to the attached statement of materials facts not in dispute, memorandum of points and authorities and supporting declaration. A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. # 354530
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Of Counsel:
Oliver M. Lewis, Esq.
Department of State
Office of the Legal Adviser

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN CARLOS GINARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2074 (RWR) |
| | ) | |
| CONDOLEEZA RICE, SECRETARY OF STATE, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), plaintiff requested records concerning himself from the U.S. Department of State. R. 1. As a result of this request, the Department of State conducted a reasonable search for responsive records, located two documents, and released these documents in full to plaintiff. Accordingly, since defendant has fully met its obligation under the statute, and there is no material issue in dispute on this point, it respectfully moves for judgment in its favor.[1]

## II. FACTUAL BACKGROUND

### A. Procedural History

In this suit brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §

---

[1] Defendant notes that the Court's jurisdiction under FOIA is limited to adjudicating agency noncompliance, 5 U.S.C. § 552(a)(4)(B). The appropriate defendant to a FOIA claim, accordingly, is the agency, and not any individual defendant. 5 U.S.C. § 552(f)(1) (defining "agency"); see also Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991). Should plaintiff not amend his complaint in this case to reflect the proper defendant, this failure will serve as grounds for a dismissal of this action.

552, plaintiff, by letter dated June 5, 2006, submitted a request to the U.S. Department of State

("Department") for records relating to himself, Juan Carlos Ginarte.   See Exhibit 1, Declaration

of Margaret  P. Grafeld, U.S. Department of State's Information and Privacy Coordinator and

Director of the Department's Office of Information Programs and Services (IPS) ("Grafeld

Decl.") ¶¶ 1 & 4.[2]   By letter dated June 30, 2006, the Department acknowledged receipt of

plaintiff's FOIA request. Id. at ¶ 5.  In this letter, plaintiff was advised that IPS may need

additional information in order to process his request.  Id.  By letter dated August 14, 2006, IPS

requested additional information from plaintiff in order to conduct the search including, any

other names or aliases plaintiff used and:

> --if known, the date, subject and type of records sought; country or
> countries concerned; overseas Foreign Service offices or
> consulates originating or receiving the records; offices in the State
> Department which might have records; and whether plaintiff has
> been an employee of the State Department;
>
> --(for visa records) the location of the U.S. Foreign Service post
> abroad where application was made; type (immigration or
> non-immigrant); whether granted or denied; date of issuance or
> denial;
>
> --(for "security or clearance records") dates and types of any
> security clearances; details concerning any investigations; whether
> the security matters relate to plaintiff's being a Department
> employee or contracted employee; and any other details;
>
> --and any other information which plaintiff believed might be
> helpful in the search for documents.

Grafeld Decl. at ¶ 6.  By fax dated September 1, 2006, plaintiff's attorney advised the IPS that

---

[2] Certain information on exhibits attached to defendant's declarations (such as plaintiff's home address, date of birth, and phone number), has been redacted from the copy filed with the Court to protect plaintiff's privacy interests.  Plaintiff has unredacted versions of these exhibits.

plaintiff sought "all documents" that ever had been in the Department's possession in any format whatsoever, including but not limited to all documents concerning surveillance or investigation of plaintiff.  Id. at ¶ 8.   However, plaintiff was not seeking information concerning visa issuances by the United States or information about security clearances for him. Id.

By letter dated September 8, 2006, the IPS advised plaintiff's counsel that it has assigned a case number to his request and that based on the information he provided the processing of his request had commenced. Id. at ¶ 9.

By letter dated October 25, 2006, IPS advised plaintiff's attorney that the Department had considered the request under both the Freedom of Information Act and the Privacy Act ("PA") and that searches of the Central Foreign Policy Records (the Department's principal records system), and the Office of Passport Services had been conducted.  Id. at ¶ 10.  Plaintiff was further advised that these searches had resulted in the retrieval of two documents that were responsive to his request. Id.  The two documents were released in full. Id.

Plaintiff filed his civil action on December 4, 2006. R. 1.

Thereafter, in an effort to ensure that all appropriate records were searched, IPS reopened the search for responsive documents and searched the records of the Bureau of Diplomatic Security.  It also conducted an additional search of the Central Foreign Policy Records. Id. at ¶ 11.  However, no additional documents responsive to plaintiff's request were found. Id. Plaintiff was advised that the processing of his request had been completed. Id.

B.  The Search for Records.

 As explained by Ms. Grafeld, when a FOIA/PA request is received by the Department of State, IPS evaluates the request and determines which offices, overseas posts, or other records

3

systems within the Department may reasonably be expected to contain the information requested. Id. at ¶ 12. This determination is based on the information set forth by the requester and on knowledge of the records systems, records disposition schedules, and operations of the numerous offices within the Department. Id. at ¶ 12, 20. The Department search for records was designed to uncover all responsive records. Id. at ¶ 13.

The records of the Department are maintained in both centralized and decentralized records systems. Id. The Central Foreign Policy File (or "Central File") is the Department's centralized automated records system. Id. It contains documents of a substantive nature that establish, discuss, or define foreign policy, set precedents, or require action or use by more than one office. It includes official record copies of incoming and outgoing Departmental communications, including telegrams between the Department and foreign service posts, diplomatic notes, correspondence to and from the White House, members of Congress, and other Federal agencies, position papers and reports, memoranda of conversations, and inter-office memoranda. Id.

The Central File is a full-text retrieval system. Searches of the Central File were conducted by researchers in IPS who are familiar with its contents and organization, and who were familiar with the subject matter of plaintiff's request. Because the Central File is the Department's most comprehensive and authoritative compilation of documents, it is by far the most frequently searched for documents. Id. As noted above, multiple searches were conducted of the Central File using the information provided by plaintiff, including his name and nicknames. Id. at ¶ 14. No records were found. Id.

The Department also has decentralized records systems maintained both in the Department's domestic offices and at foreign service posts overseas. Id. These records are generally concerned with specialized and unique activities and programs of the Department. Id. at ¶ 15. The Department's Decentralized records systems include, among other things, personnel, security, medical, and consular records. Id.

In addition, each office within the Department, as well as each foreign service post and mission, also maintains working files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission. Id. at ¶ 16. These working files consist generally of working copies of documents, information copies of documents maintained in the Central File, as well as other specialized documents prepared by or furnished to the office, post, or mission in connection with the performance of its official duties. Id.

In the instant case, based on the information provided by plaintiff, searches were conducted of the Central File and the records maintained by the Office of Passport Services and the Bureau of Diplomatic Security. Id. at ¶ 17.

The Office of Passport Services is part of the Bureau of Consular Affairs and it maintains records relating to the issuance of passports to U.S. citizens and related matters. Id. at ¶ 18. The records of the Bureau of Diplomatic Security relate to matters such as physical security programs, including the protection of the Secretary of State, foreign missions in the U.S., and U.S. missions abroad; information security programs, including the storing and safeguarding of classified information; and investigative activities, such as the conduct of security investigations of Department personnel. Id. at ¶ 19.

As Ms. Grafeld notes: "[t]ypically, when U.S. citizen requesters, like plaintiff, do not provide the circumstances leading them to believe that the Department of State maintains records about them, the Department searches the Central Foreign Policy File, . . . and the Office of Passport Services." Id. at ¶ 20. However, the Bureau of Diplomatic Security was also searched because of plaintiff's suggestion that the Department may have possessed information related to surveillance or investigation of plaintiff. Id. The searches were performed by employees who were familiar with both the subject matter of the request and the relevant records system holdings of the office. Id.

### III.  ARGUMENT

A.  Standard of Review.

Summary judgment should be granted in favor of the Department of State. Summary judgment may be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  In Celotex Corp. v. Catrett , 477 U.S. 317, 327 (1986), the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.  See Cooper Cameron Corp. v. Dep't. of Labor, 238 F.3d 539, 543 (5th Cir. 2002).

Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  Miller v.

Department of State, 779 F.2d 1378, 1382 (8th Cir.1985), citing Weisberg v. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir.1983). To discharge its FOIA obligations, the agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir.1978), cert. denied, 445 U.S. 927 (1980), quoting National Cable Television Ass'n. Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973). The agency may sustain its burden by submitting detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions. See Summers v. Dept. of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Miller v. United States Dep't of State, 779 F.2d at 1382.

Agencies establish that all of their obligations under the FOIA have been met through declarations. Thus, when the pleadings, supplemented by affidavits or declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982). The Declaration of Margaret P. Grafeld submitted in support of this motion describes the search for records and that two documents were found and released in full. Exhibit 1. As no responsive records were withheld from plaintiff, the only issue in this case is whether the Department conducted a reasonable search. As described in Section B, below, the Department satisfied its burden under the law to conduct a reasonable search and, accordingly, summary judgment is warranted.

    B.  The Department of State Conducted an Adequate Search.

In responding to a FOIA request an agency is under a duty to conduct a reasonable search for responsive records. Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990);

Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce relevant material. Weisberg, 844 F.Supp. at 777 n.4.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). "'[T]he search need only be reasonable; it does not have to be exhaustive.'" Miller v. Dept. of State, 779 F.2d at 1383 (citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)). An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993). Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has used methods which can be reasonably expected to produce the information requested. Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith."  Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352.  Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search.  Once the agency has met this burden through a showing of convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency.  Miller, 779 F.2d at 1383.  It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as the Grafeld Declaration attached hereto as Exhibit 1 evidences, every reasonable effort was made to locate responsive records.  Indeed, as a first step, the Department solicited clarification from plaintiff as to the nature of the documents sought, in order to ascertain where responsive records might be located.  After all, "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters."  Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217, 219 (D.D.C. 1989), aff'd in pertinent part, No. 89-5414 (D.C. Cir. Aug. 13, 1990); cf. Dale v. IRS, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2002) (concluding that a request that sought "'any and all documents . . . that refer or relate in

9

any way'" to the requester failed to reasonably describe the records sought and "amounted to an all-encompassing fishing expedition of files at [the agency's] offices across the country, at taxpayer expense").

The Department then conducted a search that was reasonably designed to uncover all responsive records, given the information provided by plaintiff. Id. at 12. Before commencing the search, the information provided by the plaintiff was evaluated to determine which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the information requested. Id. at ¶ 12. This determination was based on the description of records set forth in the request letter, the information otherwise provided by the requester, and a familiarity with the records system holdings, applicable records disposition schedules, and the substantive and functional mandates of the numerous offices within the Department, as well as its foreign service posts and missions. Id. at ¶ 13, 20.

In particular, plaintiff in this case provided very little information allowing the Department to target its search, other than that the search was to include "all documents concerning surveillance or investigation of Mr. Ginarte" and that it was not a request for visa-related information. Grafeld decl. Exhibit 5. In a typical situation where little or no information is provided by a U.S. citizen requester who has not indicated any past or present employment relationship with the Department, the Department searches the Central Foreign Policy File, which is the Department's principal records system (Grafeld decl. ¶ 10) and its most comprehensive and authoritative compilation of documents (Id. ¶ 13), and the files of the Office of Passport Services, which contain documents relating to passports for U.S. citizens (id. ¶ 20)—the two records systems most likely to contain information concerning the individual

10

requester.  As noted above, multiple searches were conducted of the Central File using the information provided by plaintiff, including his name and nicknames.  Id. at ¶ 14.  No records were found. Id.

The Office of Passport Services was also searched; two records were found in this office and released in full to plaintiff.  Id. at ¶ 20.

In addition to searching those records systems, because of plaintiff's intimation of surveillance or investigation, the Department also searched the records of the Bureau of Diplomatic Security.  These records relate to matters such as physical security programs, including the protection of the Secretary of State, foreign missions in the U.S., and U.S. missions abroad; information security programs, including the storing and safeguarding of classified information; and—most relevant to the information provided by plaintiff— investigative activities, such as the conduct of security investigations of Department personnel. Id. at ¶ 19. Indeed, the search of the Bureau of Diplomatic Security might be deemed to have been conducted out of an abundance of caution, as demonstrated both by the Department's decision to reopen processing of plaintiff's FOIA request in order to perform the search, id. at ¶ 11, and by the fact that the search ultimately produced no further responsive documents than what the Department had already found.

In sum, given the information provided by plaintiff, it would not have been reasonable for defendant to have searched any other bureaus or offices within the Department for records responsive to the request.  Based on Ms. Grafeld's sufficiently detailed declaration reflecting the good-faith efforts made to conduct a search reasonably calculated to produce all responsive records, and the release in their entirety of the responsive records found, there are no issues of

material fact and summary judgment on behalf of defendant is appropriate.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Department of State respectfully requests that the Court grant this motion, enter summary judgment in favor of defendant, and dismiss plaintiff's action with prejudice.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. # 354530
Assistant United States Attorney

Of Counsel:
Oliver M. Lewis, Esq.
Department of State
Office of the Legal Adviser

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE,          )
                                       )
           Plaintiff,          )
                                       )
           v.              )         Civil Action No. 06-2074 (RWR)
                                       )
CONDOLEEZA RICE, SECRETARY OF     )
         STATE,          )
                                       )
           Defendant.        )
                                       )
_____)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  By letter dated June 5, 2006, plaintiff submitted a request for records to the U.S. Department of State ("Department") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  See Exhibit 1, Declaration of Margaret  P. Grafeld, U.S. Department of State's Information and Privacy Coordinator and Director of the Department's Office of Information Programs and Services ("IPS") ("Grafeld Decl.") ¶¶ 1 & 4.

2.  The Department acknowledged receipt of plaintiff's FOIA request by letter date June 30, 2006. Id. at ¶ 5.

3.  In the June 30 letter, plaintiff was advised that IPS may need additional information in order to process his request.  Id.

4.  By letter dated August 14, 2006, IPS requested additional information from plaintiff in order to conduct the search including, any other names or aliases plaintiff used and a number of other items of information.  Grafeld Decl. at ¶ 6.

5.  By facsimile transmission dated September 1, 2006, plaintiff's attorney advised the IPS that plaintiff sought "all documents" that ever had been in the Department's possession in

any format whatsoever, including but not limited to all documents concerning surveillance or investigation of plaintiff.  Id. at ¶ 8.  Plaintiff was not seeking information concerning visa issuances by the United States or information about security clearances for him. Id.

6.  By letter dated September 8, 2006, the IPS advised plaintiff's counsel that it has assigned a case number to his request and that based on the information he provided the processing of his request had commenced. Id. at ¶ 9.

7.  By letter dated October 25, 2006, IPS advised plaintiff's attorney that the Department had considered the request under both the Freedom of Information Act and the Privacy Act ("PA") and that searches of the Central Foreign Policy Records (the Department's principal records system), and the Office of Passport Services had been conducted.  Id. at ¶ 10.  Plaintiff was further advised that these searches had resulted in the retrieval of two documents that were responsive to his request. Id.  The two documents were released in full. Id.  Later, a search of the Bureau of Diplomatic Security was conducted. Id. at ¶ 11.

8.  The Department's search for records was designed to uncover all responsive records. Id. at ¶ 13.

<div style="margin-left:40%;">

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. # 354530
Assistant United States Attorney

</div>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
  Juan Carlos Ginarte,              )
                                    )
                                    )
               Plaintiff,           )
                                    )
          v.                        )   Civil Action No.
                                    )      1:06-02074
  Condoleezza Rice,                 )
                                    )
               Defendant.           )
                                    )
                                    )
```

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

1.    I am the U.S. Department of State's Information and
Privacy Coordinator and the Director of the Department's Office
of Information Programs and Services (IPS).  In these
capacities, I am the Department official immediately responsible
for responding to requests for records under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act (PA),

5 U.S.C. § 552a, and other applicable records access provisions.
I have been in the employ of the Department of State since 1974,
and have served with the Department's Information Access Program
for most of my tenure with the Department.  I am authorized to
classify and declassify national security information pursuant
to Executive Order (E.O.) 12958, as amended, and Department of
State regulations set forth in 22 CFR §§ 9.7, 9.14.  I make the
following statements based upon my personal knowledge, which in
turn is based on a personal review of the records in the case
file established for the processing of the subject request, and
upon information furnished to me in the course of my official
duties.  I have read the complaint filed by the plaintiff in the
above-captioned matter, and I am familiar with the efforts of
Department personnel to process the subject request.

    2.    The core responsibilities of IPS include:  records
access requests made by the need-to-know community, the public
(under the FOIA, Privacy Act, the mandatory classification
review requirements of E.O. 12958, as amended, or the Ethics in
Government Act), members of Congress, other government agencies,
and those that have been made pursuant to judicial processes,
such as subpoenas, court orders, and discovery requests; records
management; privacy protection; national security classification
management and declassification review; corporate records

archives management; research; the Department's Library; and the technology that supports these activities.

3.    The purpose of this declaration is to address the Department's processing of plaintiff's FOIA/PA request for Department of State records about himself.

## I.    ADMINISTRATIVE PROCESSING OF PLAINTIFF'S REQUEST

4.    By letter dated June 5, 2006 (Exhibit 1), plaintiff requested all documents in any format relating to himself, Juan Carlos Ginarte. Plaintiff did not indicate why he believed that the Department may have records about him. Plaintiff requested that the Department release any responsive records to his attorney. Plaintiff agreed to pay $500 in processing fees and provided his date and place of birth.

5.    By letter dated June 30, 2006 (Exhibit 2), the Department's Office of Information Programs and Services (IPS) acknowledged receipt of the request and assigned it case control no. 200603067. IPS informed plaintiff that the Department would make every effort to be responsive to his request, but that it may be necessary to contact him for additional information regarding the records sought or for more documentation to ensure that the request complied with the Department's published regulations. Plaintiff was advised that if IPS were able to

commence a records search based upon the information contained in his letter, the cut-off date for retrieving records would either be the date he had given to the Department by specifying a particular time frame or the date that the search was initiated. Plaintiff was further advised that unusual circumstances might arise for extending the FOIA time limit. IPS confirmed plaintiff's agreement to pay $500.00 and informed him that he had been placed in the "all other" requester category for fee purposes.

    6. By letter dated August 14, 2006 (Exhibit 3), IPS requested additional information from plaintiff so that IPS could conduct a proper search, including:

> --any other names or aliases by which plaintiff has been known;
>
> --if known, the date, subject and type of records sought; country or countries concerned; overseas Foreign Service offices or consulates originating or receiving the records; offices in the State Department which might have records; and whether plaintiff has been an employee of the State Department;
>
> --(for visa records) the location of the U.S. Foreign Service post abroad where application was made; type (immigration or non-immigrant); whether granted or denied; date of issuance or denial;
>
> --(for "security or clearance records") dates and types of any security clearances; details concerning any investigations; whether the security matters relate to plaintiff's being a Department employee or contracted employee; and any other details;

--and any other information which plaintiff
believed might be helpful in the search for
documents.

7.    By letter dated August 14, 2006 (Exhibit 4),

plaintiff's attorney notified IPS that all future correspondence

relating to plaintiff should be directed to him.

8.    By fax dated September 1, 2006 (Exhibit 5),

plaintiff's attorney advised that plaintiff demanded all

documents that ever had been in the Department's possession in

any format whatsoever, including, but not limited to, all

documents concerning surveillance or investigation of plaintiff.

Plaintiff's attorney provided plaintiff's nicknames of "JC"

(plaintiff's initials, used by friends); and of "Juanqui" (used

by a relative).   Plaintiff's attorney noted that plaintiff was

not seeking information concerning visa issuances by the United

States or its agencies or information about security clearances

for himself.

9.    By letter dated September 8, 2006 (Exhibit 6), IPS

confirmed receipt of the additional information provided by

plaintiff's attorney and advised him that the request had been

assigned a new case number:  200604394.  IPS advised plaintiff's

attorney that it would begin to process plaintiff's request

based upon the information provided in his communication and

that he would be notified as soon as responsive material had

been retrieved and reviewed.  IPS further advised that unusual circumstances may arise for extending the time limit.

10.  By letter dated October 25, 2006 (Exhibit 7), IPS advised plaintiff's attorney that the Department had considered the request under both the Freedom of Information Act and the Privacy Act.  IPS informed plaintiff's attorney that searches of the following records systems had been initiated:  the Central Foreign Policy Records (the Department's principal records system), and the Office of Passport Services.  IPS further advised that these searches had been completed, and had resulted in the retrieval of two documents that were responsive to his request; these two documents were released in full and were the subject of a separate letter from Gale McCoy of the Department's Office of Passport Services dated October 5, 2006 (a copy of which was enclosed with IPS's letter of October 25, 2006).

11.  By letter dated February 9, 2007 (Exhibit 8), IPS advised plaintiff that in an effort to ensure that all appropriate records were searched, the request had been re-opened to search the records of the Bureau of Diplomatic Security and to conduct an additional search of the Central Foreign Policy Records.  These searches had been completed, and had resulted in the retrieval of no additional documents responsive to plaintiff's request.  Copies of the two documents

*Juan Carlos Ginarte v. Condoleezza Rice*
*Grafeld Declaration*

previously released in full to plaintiff by the Office of Passport Services under cover of that office's letter dated October 5, 2006 were enclosed. Plaintiff was advised that the processing of his request had been completed.

## II. **THE SEARCH PROCESS**

12.   The Department search for records responsive to plaintiff's request was designed to uncover all responsive records.  When a FOIA/PA request is received, IPS evaluates the request and determines which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the information requested.  This determination is based on the description of records set forth in the request letter.  It also requires a familiarity with records system holdings, applicable records disposition schedules, and the substantive and functional mandates of the numerous offices within the Department, as well as its foreign service posts and missions.  Such factors as the nature, scope and complexity of the request itself also are relevant.

### Central Foreign Policy File

13.   The records of the Department are maintained in both centralized and decentralized records systems.  The Central Foreign Policy File (or "Central File") is the Department's centralized automated records system.  It contains documents of

a substantive nature that establish, discuss, or define foreign policy, set precedents, or require action or use by more than one office.  Among other things, the Central File includes official record copies of incoming and outgoing Departmental communications, including telegrams between the Department and foreign service posts, diplomatic notes, correspondence to and from the White House, members of Congress, and other Federal agencies, position papers and reports, memoranda of conversations, and inter-office memoranda.  Because the Central File is the Department's most comprehensive and authoritative compilation of documents, it is by far the most frequently searched for documents.  The Central File is a full-text retrieval system.  Searches of the Central File were conducted by researchers in IPS who are familiar with its contents and organization, and who were familiar with the subject matter of plaintiff's request.

14.  In this case, multiple searches were conducted of the Central File using the information provided by plaintiff, including his name and nicknames.  No records were found pertaining to plaintiff in the Central File as a result of those searches.

*Juan Carlos Ginarte v. Condoleezza Rice*
*Grafeld Declaration*

## Other Records

15.    In addition to the Central File, the Department has decentralized records systems maintained both in the Department's domestic offices and at foreign service posts overseas.    These records generally are concerned with specialized and unique activities and programs of the Department rather than with general foreign policy issues.    Decentralized records systems include, among other things, personnel, security, medical, and consular records.

16.    Each office within the Department, as well as each foreign service post and mission, also maintains working files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission.    These working files consist generally of working copies of documents, information copies of documents maintained in the Central File, as well as other specialized documents prepared by or furnished to the office, post, or mission in connection with the performance of its official duties.

17.    In this case, based on the information provided by plaintiff, in addition to the search of the Central File described above, searches were conducted of the records maintained by the Office of Passport Services and the Bureau of Diplomatic Security.

18.   The Office of Passport Services is part of the Bureau of Consular Affairs and it maintains records relating to the issuance of passports to U.S. citizens and related matters.

19.   The records of the Bureau of Diplomatic Security relate to matters such as physical security programs, including the protection of the Secretary of State, foreign missions in the U.S., and U.S. missions abroad; information security programs, including the storing and safeguarding of classified information; and investigative activities, such as the conduct of security investigations of Department personnel.

20.   Typically, when U.S. citizen requesters, like plaintiff, do not provide the circumstances leading them to believe that the Department of State maintains records about them, the Department searches the Central Foreign Policy File, which as stated above is the Department's principal records system, and the Office of Passport Services.  The Bureau of Diplomatic Security was searched because of plaintiff's suggestion that the Department may have possessed information related to surveillance or investigation of plaintiff.  These searches were performed by individuals employed within these offices who are familiar with both the subject matter of the request and the relevant records system holdings of the office. The Office of Passport Services located, and released in full to

plaintiff, two records that were maintained under his name.  No records pertaining to plaintiff were found in the records of the Bureau of Diplomatic Security.


### CONCLUSION

In summary, the Department initiated and completed searches of all records systems reasonably expected to contain the information sought by plaintiff.  Two responsive records were located, and these records were released to plaintiff in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed this _____ day of March 2007.


Margaret P. Grafeld

Exhibit 1

U.S. Department of Justice



F200603067
2006044394

Department of State

Federal Bureau of Investigation
Washington, D.C. 20535

## FOIA REQUEST FORM

**Requester's Name:** Juan Carlos Ginarte

**Address:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Phone Number (optional):** ▓▓▓▓▓▓▓▓▓

**Fax Number (optional):** _____

**E-Mail (optional):** jon@markskatz.com (counsel's e-mail address and phone number are listed herein)

**Subject:** All documents relating to me, Juan Carlos Ginarte (my address is listed on my attached Privacy Act Waiver), including, but not limited to, all documents in any files maintained with my name, all material in any format (e.g., electronic, video, audiovisual or otherwise), and any references to me, whether or not they appear in any file kept with his name.

**In order to help to determine status to assess fees, select:**

- ◉ **An individual seeking information for personal use**
- ○ Affiliated with an educational or noncommercial institution, and this request is made for a scholarly purpose
- ○ Affiliated with a private corporation and seeking information for use in the company's business
- ○ A representative of the news media and this request is made part of news gathering and not for commercial use

**Enter media name:** _____

**Select type of Media:**

- ○ Newspaper
- ○ Magazine
- ○ Television Station
- ○ Other

**Purpose:** Please forward this material to my attorney Jonathan L. Katz, Marks & Katz, LLC, 1400 Spring Street, Suite 410, S. Spring, MD 20910, 301-495-4300.

**Enter maximum amount you are willing to pay:** $ 500.00

**Explanation for a request for a waiver of fees:**

_____

_____

**Additional Comments:**

GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 1

**This form cannot be used for Privacy Act requests or requests for information about a third party.**





**U.S. Department of Justice**

**Federal Bureau of Investigation**
Washington, D.C. 20535

*Qep. of stub*

### Privacy Act Request

The following information is necessary in order to file a Freedom of Information-Privacy Acts (FOIPA) request.

**Full Name:** Juan Carlos Ginarte

**Aliases used:** None

**Current Address:**
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

**Date of Birth:** ▄▄▄▄▄▄    **Place of Birth:** ▄▄▄▄▄▄

**Daytime Telephone Number:** ▄▄▄▄▄▄

**Social Security Number (optional):** ▄▄▄▄▄▄

You may also wish to provide prior addresses, employments, etc., which you believe may assist the FBI in locating the information you seek:

I waive my right to privacy for the United States Dept. of State to release any and all information relating to me to:
Jonathan L. Katz, 1400 Spring St., Suite 410, S. Spring, MD 20910

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

**Signature** *Juan C. Ginarte*    **Date** June 5, 2006

Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place.

**A Legible and original signature is required.**



Exhibit 2



**United States Department of State**

*Washington, D.C. 20520*

June 30, 2006

Mr. Juan Carlos Ginarte
4000 Tunlaw Road, Apt. 325
Washington, DC 20007

Dear Mr. Ginarte:

This is to acknowledge receipt of your letter, which was received in this Office on June 14, 2006, for copies of documents concerning yourself. Your request has been assigned case control # 200603067.

I assure you that we are making every effort to be responsive to your request. Toward that end, it may be necessary to contact you for additional information regarding the records you seek or more documentation to ensure that your request complies with our published regulations (22 C.F.R. Part 171). If we are able to commence a records search based upon the information contained in your letter, we wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame or the date the search is initiated.

While we will make every effort to meet the time limits cited in the Freedom of Information Act (5 U.S.C. § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

Further, in accordance with 22 C.F.R. 171.14, this letter also confirms your agreement to incur all applicable fees involved in the processing of your request, up to the amount of $25.00. In your letter, you agreed to pay $500.00. Based upon the information that you have provided, we have placed you in the all other requester category. This category requires us to assess search time after 2 hours and duplication costs after the 100 pages.

```
GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 2
```

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

- 2 -

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

*Teresa C. Fiedrich*

Mary Therese Casto, Chief
Requester Communications Branch

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
     *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

Exhibit 3



**United States Department of State**

*Washington, D.C. 20520*

August 14, 2006
Case Number: 200603067

Mr. Juan Ginarte
c/o  Jonathan L. Katz, Esq.
Marks & Katz, LLC
1400 Spring Street, Suite 410
Spring, MD 20910

Dear Mr. Ginarte:

This letter is in response to your Freedom of Information/Privacy Act
(FOIA/PA) request, received in this office on June 14, 2006, for copies of all
documents concerning you.

Before we can proceed with the processing of your request, we need additional
information described below.

**Information to Identify Records:** The Department of State is responsible for
formulating and executing U.S. foreign policy and primarily maintains records
dealing with U.S. foreign relations.  The Department also maintains records of
applications from U.S. citizens for U.S. passports and visa requests from non-
citizens to enter the U.S., records on consular assistance given to U.S. citizens
abroad, and records of its own employees.  The Department of State is
comprised of hundreds of offices and overseas posts, so requesters should be
specific about the records they seek.

In order to comply with your request, the information described below is
needed regarding yourself:

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
 *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 3

-2-

--any other names or aliases by which you have been known.

--if known, the date, subject and type of records you seek; country or countries concerned; overseas Foreign Service offices or consulates originating or receiving the records; offices in the State Department which might have records; and whether you are or have been an employee of the State Department (with positions and time periods cited).

--(for visa records) provide location of the U.S. Foreign Service post abroad where application was made; type (immigration or non-immigrant); whether granted or denied; date of issuance or denial.

--(for "security or clearance records") dates and types of any security clearances; details concerning any investigations; whether the security matters relate to your being a Department employee or contracted employee; and any other details.

--any other information which you believe might be helpful in our search for documents

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Thomas D. Parrillo
Requester Communications Branch

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
    *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8484*
*FAX: 1- 202- 261-8579*
*email:  FOIAStatus@state.gov*

Exhibit 4

# MARKS & KATZ, LLC

## ATTORNEYS AT LAW

1400 SPRING STREET
SUITE 410
SILVER SPRING, MARYLAND 20910
(301) 495-4300
FAX (301) 495-8815
justice@markskatz.com
www.markskatz.com

JAY S. MARKS (MD, DC, IL)
JONATHAN L. KATZ (MD, DC, VA)

August 14, 2006

LÍNEA DIRECTA EN ESPAÑOL
(301) 578-4400

Attn: Mary Therese Casto
Office of Information Programs
and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100

### Re: Juan Carlos Ginarte; FOIA Request Control No. 200603067

Dear Ms. Casto:

Despite the fact that I am the one that filed the Freedom of Information Act Request for my client Juan Carlos Ginarte you responded directly to him. Please assure that I am communicated with for all further matters. Thank you.

Very truly yours,

Jonathan L. Katz

Enclosure (6/30/06 letter from Mary Therese Casto)

JLK/la

'06 AUG 23 AM 10:13

GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 4

*Let justice roll down like water and righteousness like a mighty stream.*

Exhibit 5

# MARKS & KATZ, LLC
## ATTORNEYS AT LAW
1400 SPRING STREET
SUITE 410
SILVER SPRING, MARYLAND 20910
(301) 495-4300
FAX (301) 495-8815
justice@markskatz.com
www.markskatz.com

JAY S. MARKS (MD, DC, IL)
JONATHAN L. KATZ (MD, DC, VA)

August 30, 2006

**BY CERTIFIED MAIL**
Mr. Thomas Parrillo
Requester Communications Branch
Office of Information Programs and Services
Washington, DC 20522-8100
Foia.state.gov
Fax: 202-262-8484
Phone: 202-261-8579

Re: Juan Carlos Ginarte, Case Number 2006 03067

Dear Mr. Parrillo:

This letter responds to yours dated August 14. The only other written response to Mr. Ginarte's June 14, 2006, FOIA request that Mr. Ginarte or I have received from the State Department is the June 30, 2006, letter from Mary Therese Casto from your office, merely stating that the FOIA request is being processed.

Consequently, your August 14 letter arrived after the time already was ripe to file a FOIA suit in this matter. Mr. Ginarte intends to file such a suit, unless he receives a FOIA reply that is to his satisfaction no later than September 26, 2006.

Mr. Ginarte demands all documents that ever have been in the State Department's possession (in any format whatsoever, as detailed in his original FOIA complaint), including, but not limited to, all documents concerning surveillance or investigation of Mr. Ginarte.

Your letter's requested information follows:
**Other names or aliases**: Nickname of JC (Mr. Ginarte's initials, used by friends); nickname of Juanqui (used by a relative).

GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 5



Regarding the third paragraph of page two of your letter, Mr. Ginarte does not seek information concerning visa issuances by the United States or its agencies.

Regarding the fourth paragraph of page two of your letter, Mr. Ginarte does not seek information about security clearances for him.

Thank you.

Very truly yours,

Jonathan L. Katz

Exhibit 6



**United States Department of State**

*Washington, D.C. 20520*

September 8, 2006
Case Number: 200604394

Johnathan L. Katz, Esq.
Marks & Katz, LLC
Attorneys at Law
1400 Spring Street, Suite 410
Silver Spring, MD 20910

Dear Mr. Katz:

This refers to your request 200604394 under the Freedom of Information/
Privacy Act (FOIA/PA) for copies of documents concerning Mr. Juan Carlos
Ginarte.

Thank you for providing the information as requested in our communication
dated August 14, 2006.

Please note that your case has been assigned a new case number,
200604394. We will begin the processing of your request based upon the
information provided in your communication(s). As soon as responsive
material has been retrieved and reviewed, we will notify you.

While we will make every effort to meet the time limits cited in the Freedom of
Information Act (5 USC § 552), unusual circumstances may arise for extending
the time limit (see enclosure titled "unusual circumstances").

If you have any questions, please do not hesitate to contact us. We can
provide faster service if you include the case number of your request in your
communications with us.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
     *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 6

-2-

We are pleased to be of service to you.

Sincerely,

Thomas D. Parrillo
Requester Communications Branch

Enclosure: as stated

*Office of Information Programs and Services*
*U.S. Department of State  SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

Exhibit 7



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200604394

OCT 25 2006

Jonathan L. Katz
C/o Juan Carlos Ginarte
Marks & Katz, LLC
1400 Spring Street – Suite 410
Silver Spring, MD 20910

Dear Mr. Katz:

I refer to your letters dated August 14 and 30, 2006, requesting under the provisions of the Privacy Act (Title 5 USC Section 552a) release of records maintained on your client, Juan Carlos Ginarte, by the Department of State. Since the Privacy Act precludes withholding from an individual any record which is otherwise accessible to such individual under the Freedom of Information Act (Title 5 USC Section 552), we have considered the request under both Acts.

We initiated a search in the following record systems: the Central Foreign Policy Records (the principal record system of the Department of State), the Office of Passport Services. The search in the Central Foreign Policy Records, the Office of Passport Services, have been completed, resulting in the retrieval of two documents that appear responsive to your request. These documents were the subject of Gale McCoy's letter to you dated October 5, 2006. A copy of that letter is enclosed.

The Privacy Act permits individuals to request amendment of the information that Federal agencies maintain under their names. If you believe that the information maintained by the Department about you is not accurate, relevant, timely, or complete, you may request that we amend it. The enclosed information sheet outlines the procedure for requesting amendment of personal information.

We have now completed the processing of your case. If you have any questions with respect to our handling of your request, you may write to the Office of Information Programs and Services, Room 8100, SA-2, Department

-2-

of State, Washington, D.C. 20522-8100.  Please be sure to refer to the case
number shown above in all correspondence about this case.

We hope that the Department has been of service to you in this matter.

Sincerely,


Lynn Dubose
Office of Information Programs and
  Services

Enclosure:
  As stated.



United States Department of State
*Washington, D.C. 20520*

OCT -5 2006

In reply refer to:
CA/PPT/IML/R/RR/RL — GINARTE, Juan Carlos
　　　　　　Also Known As GINARTE, Juanqui; GINARTE, JC
Case Control Number – 200604394

Jonathan L. Katz
Marks & Katz, LLC
1400 Spring Street, Suite 410
Silver Spring, MD 20910

Dear Mr. Katz:

　　　The following is in response to your letter dated August 30, 2006,
requesting the release of passport records in the name of your client, Mr.
Juan Carlos Ginarte, also known as Juanqui Ginarte and JC Ginarte, under
the provisions of the Privacy Act (5 USC 552a). Your letter was received by
this office on September 26, 2006.

　　　The Department of State, Passport Services has completed a search of
its records. The search for passport records has resulted in the retrieval of
two documents that is responsive to your request. Passport Services has
reviewed these documents and has determined that they may be released to
you in full. A copy of these documents is enclosed.

　　　If your client would like to obtain a certified copy of the passport
records enclosed, please submit a notarized letter and fee in the amount of
$30.00 in the form of a check or money order payable to the Department of
State to the following address:

　　　　　　Department of State
　　　　　　Passport Services
　　　　　Research and Liaison Section
　　　　1111 19th Street, N.W. – Suite 500
　　　　　Washington, D.C. 20036

Passport Services has now concluded the processing of your request.

- 2 -

The Privacy Act permits individuals to request amendment of information about themselves. If Mr. Ginarte believes that the information that Passport Services maintains about him is not accurate, relevant, timely, or complete, he may request the information be amended. A copy of the Department's procedures for requesting an amendment of personal information is enclosed.

If you or your client, Mr. Ginarte, have any questions with respect to the processing of this request, you may write to:

<div align="center">

The Office of Information Programs and Services
A/ISS/IPS/RL, SA-2
U. S. Department of State
Washington, DC 20522-8100

Telephone (202) 261-8484

</div>

Please be sure to refer to the case control number in all correspondence about this case.

I hope that the Department has been of service to you in this matter.

<div align="center">

Sincerely,

Gale A. McCoy
Chief, Record Services Division
Office of Information Management and Liaison
Passport Services

</div>

Enclosures:
As stated

Exhibit 8



**United States Department of State**

*Washington, D.C. 20520*

Case No. 200603067 and 200604394

FEB   9 2007

Jonathan L. Katz, Esq.
Marks & Katz, LLC
1400 Spring Street
Suite 410
Silver Spring, Maryland 20910

Dear Mr. Katz:

I refer to our letter dated October 25, 2006, regarding your request for
records under the Freedom of Information Act (Title 5 USC Section 552)
and/or the Privacy Act (Title 5 USC Section 552a) about your client,
Juan Carlos Ginarte.

As you know from our letter of October 25, 2006, in responding to your initial
request we initiated searches in the Central Foreign Policy Records (the
principal record system of the Department of State) and the Office of Passport
Services. The searches were completed, and resulted in the retrieval of two
documents from the Office of Passport Services that are responsive to your
request. Both of those documents were released to you in their entirety and
were enclosed with our letter of October 25, 2006. (As a courtesy to you, we
have enclosed another set of these documents with this letter.)

We initially completed processing your case and closed your request on
October 25, 2006. However, to confirm that our initial search was sufficient,
we subsequently re-opened your request and initiated a search of the Bureau of
Diplomatic Security and an additional search of the Central Foreign Policy
Records. The search of the Bureau of Diplomatic Security and the additional
search of the Central Foreign Policy Records have now been completed and
have resulted in no additional documents responsive to your request.

This completes the processing of your case. If you have any questions with
respect to our handling of your request, you may write to the Office of
Information Programs and Services, Room 8100, SA-2, Department of State,

GRAFELD DECLARATION
Civil Action No. 1:06-02074
Exhibit 8

- 2 -

Washington, D.C. 20522-8100. Please be sure to refer to the case number shown above in all correspondence about this case.

Sincerely,

Lynn Dubose
Office of Information Programs and Services

Enclosure:
  As stated

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUAN CARLOS GINARTE,          )
                                   )
            Plaintiff,         )
                                   )
            v.              )      Civil Action No. 06-2074 (RWR)
                                   )
CONDOLEEZA RICE, SECRETARY OF    )
         STATE,             )
                                   )
           Defendant.     )
_____)

<u>ORDER</u>

Upon consideration of defendant's motion for summary judgment, the opposition and reply thereto, and after a review of the entire record in this case, it is this _____ day of _____, 2007

ORDERED, that said motion be granted.  Summary judgment is entered in defendant's favor for the reasons set forth in defendant's memorandum of points and authorities attached to his motion for dismissal or summary judgment.

_____
UNITED STATES DISTRICT JUDGE