**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JUAN CARLOS GINARTE** | * | |
| | * | |
| **Plaintiff** | * | **Case No. 1:06CV02074** |
| | * | |
| **v.** | * | |
| | * | |
| **CONDOLEEZA RICE** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S "STATEMENT OF MATERIAL FACTS NOT IN DISPUTE"**

Plaintiff responds as follows, *ad seriatim,* to Defendant's "Statement of Material Facts Not in Dispute."

1. Admitted.

2. Admitted.

3. Admitted that the letter at Defendant's Exhibit 2 (letter dated June 30, 2006 from June Casto to Juan Carlos Ginarte) was sent to Plaintiff, and not to Plaintiff's counsel. The letter speaks for itself, and Defendant's characterization of the letter is not fully accurate and is taken out of context.

4. Admitted that the letter at Defendant's Exhibit 3 (letter dated August 14, 2006, to Plaintiff's counsel from Thomas Parillo) was sent to Plaintiff's counsel. The letter speaks for itself, and Defendant's characterization of the letter is not fully accurate and is taken out of context.

5. Admitted that the letter at Defendant's Exhibit 5 (letter dated August 30, 2006 from Jonathan Katz to Thomas Perillo) was delivered by fax and certified mail by Plaintiff's counsel on September 1, 2006. The letter speaks for itself, and Defendant's characterization of the letter is taken out of context. Nevertheless, Plaintiff admits that said August 30 letter confirms that Plaintiff does not seek visa issuance information nor security clearance information.

6. Admitted that the letter at Defendant's Exhibit 6 (letter dated September 8, 2006, to Plaintiff's counsel from Thomas Perillo) was sent to Plaintiff's counsel. The letter speaks for itself, and Defendant's characterization of the letter is not fully accurate and is taken out of context.

7. Admitted that the letter at Defendant's Exhibit 7 (letter dated October 25, 2006, to Plaintiff's counsel from Lynne Dubose) was sent to Plaintiff's counsel. The letter speaks for itself, and Defendant's characterization of the letter is not fully accurate and is taken out of context.

Moreover, the October 25, 2006, letter is not reliable in claiming that "the Central Foreign Policy Records" was searched, because said letter refers to an October 5, 2006 letter (which is in Defendant's Exhibit 7, attached to the above-listed October 25 letter) that only shows a search of the Passport Services records.

8. Denied. For instance, the Declaration of Margaret Grafeld (at Defendant's Exhibit 1) admits that the "records of the [State] Department are maintained in both centralized and decentralized records systems," -- Grafeld Aff. at ¶ 13 – but proceeds to admit that the decentralized files were barely searched, if at all (Grafeld Aff. at ¶ 20).

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JUAN CARLOS GINARTE** | * | |
| | * | |
| **Plaintiff** | * | **Case No. 1:06CV02074** |
| | * | |
| **v.** | * | |
| | * | |
| **CONDOLEEZA RICE** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff opposes Defendant's Motion for Summary Judgment and states the following in support of this Opposition:

**ARGUMENT**

Plaintiff reincorporates by reference his foregoing response to Defendant's "Statement of Material Facts Not in Dispute."

A. **Defendant is not entitled to summary judgment.**

For the following reasons, Defendant is not entitled to summary judgment. Among these reasons is that Defendant's summary judgment motion precedes the commencement and completion of discovery, and, thus, is premature.

Here, it is necessary that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251 n.5 (1986); Fed. R. Civ. P. 56(f).

Discovery is permitted in FOIA lawsuits -– and Plaintiff's good faith need for discovery is illustrated below –- and has been permitted in such suits. *Weisberg v. Dept. of Justice*, 627 F.2d 365, 367 (D.C. Cir. 1980) ("[w]e reversed, however, finding material disputed facts regarding the existence of relevant but unreleased records, and holding that Weisberg was entitled to further discovery").

Plaintiff disputes the reliability, accuracy, and credibility of Defendant's sole witnesses (Margaret Grafeld) whose declaration is attached to Defendant's Motion for Summary Judgment as Exhibit 1 thereto. Ms. Grafeld makes sweeping and insufficiently supported statements about the systems, procedures and policies used by the State Department in responding to FOIA requests. Plaintiff challenges whether Ms. Grafeld is a suitable affiant for Defendant's motion, in part because she makes numerous conclusions without showing personal knowledge about the search in response to Plaintiff's FOIA request (e.g., nowhere does Ms. Grafeld say she knows who conducted the records search, nor why she believes the records search was performed correctly, accurately, and in conformity with the FOIA). Discovery is needed to cover the matters addressed in this paragraph.

In further support of the insufficiency of Ms. Grafeld's Declaration at the summary judgment stage, her Declaration heavily refers to search efforts by other persons, without identifying those other persons by name, job position, relevant training background, nor experience level with relevant work involving searching for and disseminating information sought by FOIA requests. Discovery is needed to cover the matters addressed in this paragraph.

Neither Defendant's Summary Judgment Motion nor Ms. Grafeld's Affidavit are sufficiently convincing –- without permitting discovery –- that a sufficient search was conducted to respond to Plaintiff's FOIA request.

For instance, the letter at Defendant's Exhibit 7 (letter dated October 25, 2006, to Plaintiff's counsel from Lynne Dubose) is not reliable in claiming that "the Central Foreign Policy Records" was searched, because said letter refers to an October 5, 2006 letter (which is in Defendant's Exhibit 7, attached to the above-listed October 25 letter) that only shows a search of the Passport Services records.

Moreover, the Grafeld Declaration (at Defendant's Exhibit 1) admits that the "records of the [State] Department are maintained in both centralized and decentralized records systems," –- Grafeld Aff. at ¶ 13 – but proceeds to admit that

the decentralized files were barely searched if at all(Grafeld Aff. at ¶ 20).

Despite Ms. Grafeld’s claim – Grafeld Aff. at 20 – that FOIA searches are ordinarily limited to searching Central Records and Passport Services documents when the circumstances leading to the FOIA request are not provided by the FOIA requestor, she does not sufficiently demonstrate how such an approach comports with the FOIA.

Moreover, before Defendant filed its Summary Judgment Motion, (1) Defendant had not informed Plaintiff about decentralized records not being checked, (2) Defendant had not informed Plaintiff that FOIA searches are limited to Central Records and Passport Services when the circumstances leading to the FOIA request are not provided by the FOIA requestor, and (3) Defendant did not ask nor require Plaintiff to provide such circumstances. Plaintiff cannot read minds, and Defendant should not be permitted to benefit in its Summary Judgment Motion from not having informed Plaintiff of the foregoing information, policies or both.

Moreover, Defendant states no sufficient nor reasonable grounds for having limited its search to Central Records and Passport Services. Furthermore, Defendant’s February 7, 2007, letter – discussed *infra*. – that a further search was conducted *sua sponte* on Plaintiff’s FOIA request underscores that

Defendant was not as thorough as it claimed to have been when it claimed in its October 25, 2006, letter from Lynn Dubose (at Defendant's Exhibit 7) to have completed processing of Plaintiff's case.

An additional ground to deny summary judgment and to permit discovery (or to order a more thorough search of the Defendant's records in response to Plaintiff's FOIA request) is that Defendant tacitly admits the insufficiency of its own search in response to Plaintiff's FOIA request as follows: Defendant's October 25, 2006, letter from Lynne Dubose (at Defendant's Exhibit 7) states that "We have now completed the processing of your case." However, that latter quoted claim is inaccurate and unreliable; otherwise, Defendant would not have sent its subsequent February 9, 2007 letter (attached to Defendant's Exhibit 8, and referenced in the Grafeld Declaration at ¶ 11), from the very same Lynne Dubose, which whistles a different tune, saying that "to confirm that our initial search was sufficient, we subsequently re-opened your request and initiated a search of the Bureau of Diplomatic Security and an additional search of the Central Foreign Policy Records." The additional search referenced in Ms. Dubose's February 9, 2007, letter – which still does not show that any (let alone all) decentralized State Department records were checked – which search included, for the first time, a search of the Bureau of Diplomatic

Security's records and a second search of Central records raises valid questions about the reliability of the search done on Plaintiff's FOIA request. Moreover, Ms. Dubose's February 9, 2007, letter does not even attempt to categorize such Bureau of Diplomatic Security records as coming from centralized files, decentralized files or elsewhere.

If Defendant is unable to be more clear to Plaintiff (*e.g.*, in the above-described February 9, 2007, letter from Defendant) about the thoroughness or lack thereof responding to Plaintiff's FOIA search – and the reasons therefore – one is left to wonder whether Defendant State Department is sufficiently training and communicating with its employees about responding to FOIA requests.

Defendant's assertion that Plaintiff "provided very little information allowing the Department to target its search" – Summary Judgment Motion at page 10 -- is misleading, in that Plaintiff quickly and fully responded (August 30, 2006, Plaintiff's letter at Defendant's Exhibit 5) to Defendant's August 14, 2006, letter (at Defendant's Exhibit 3), and Defendant never claimed it had inadequate information from Plaintiff after he answered Defendant's August 14, 2006, letter. Once again, Plaintiff cannot read Defendant's mind, and Defendant is not entitled to benefit from any effort for Plaintiff to read its mind, including an unsupported assertion

in the Summary Judgment Motion about "very little information" being provided.

Based on the foregoing arguments, Plaintiff has overcome any presumption that might otherwise exist that Defendant conducted a search conforming to the FOIA in response to Plaintiff's FOIA request.

B. **Defendants' Statement of Material Facts is Insufficient for Obtaining Summary Judgment**.

Defendants' Statement of Material Facts, by itself, is insufficient for obtaining summary judgment, in part because Plaintiff has sufficiently controverted and disputed numerous of Defendant's alleged material facts, in Plaintiff's foregoing detailed response thereto. *See, e.g.,* Fed. R. Civ. P. 56(d) (governing treatment of facts allegedly not in genuine dispute, for summary judgment proceedings).

**C. Plaintiff's Naming of State Department Secretary Rice in her Official Capacity Is Sufficient to Overcome Dismissal.**

Defendant's footnote 1 makes misplaced arguments to seek a dismissal of the Complaint for naming "Condoleeza Rice, Secretary of State" as the Defendant rather than only the State Department as a defendant.

*First*, Defendant has waived the opportunity to make such an argument, by having already filed an Answer to the Complaint that is completely silent on this issue.

*Second, t*he FOIA does not put litigants on fair notice to deviate from the common and ordinarily accepted practice in suing federal agencies, to name the agency head as the defendant in his or her agency capacity. Such a designation puts the agency on fair notice of the lawsuit, and suffices as a sufficiently plain statement of the allegations under the notice pleading system governed by the Federal Rules of Civil Procedure.

Moreover, in the ***Whittle v. Moschella*** case cited by Defendant (756 F. Sup. 589), the trial court did not dismiss the FOIA lawsuit, but only dismissed the individual agency heads where their agencies already were listed on the Complaint. The spirit of the FOIA is not to dismiss (rather than permitting an amendment to the caption to the agency name, for instance) a FOIA complaint over such a trifling matter. In fact, eleven years after the foregoing ***Whittle*** federal trial court case was decided, the Supreme Court issued its opinion in ***Swierkiewicz v. Sorema*** N.A., 534 U.S. 506 (2002), which shows that a complaint must contain only a short and plain statement of the claim showing that the pleader is entitled to relief. ***Swierkiewicz v. Sorema*** N.A., 534 U.S. at 508; Fed. R. Civ. P. 8(a)(2).

**CONCLUSION**

Wherefore, for the foregoing reasons, summary judgment should be denied, and discovery should be permitted to proceed.

Respectfully submitted,

MARKS & KATZ, L.L.C.

__/s/ Jonathan L. Katz________________

Jonathan L. Katz
DC Bar No. 425-615
1400 Spring St., Suite 410
Silver Spring, MD 20910
(301) 495-4300
Fax: (301) 495-8815
Attorneys for Plaintiff

**HEARING REQUEST**

Defendant respectfully requests a hearing on this motion.

___/s/ Jonathan L. Katz_______
Jonathan L. Katz

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the CM/ECF filing system on April 19, 2007, to:

Claire M. Whitaker
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Suite E-4204
Washington, DC 20816
(202) 514-7137
Fax: (202) 514-8780
Email: claire.whitaker@usdoj.gov

___/s/ Jonathan L. Katz_______
Jonathan L. Katz