**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-2074 (RWR) |
| | ) |
| CONDOLEEZA RICE, SECRETARY OF STATE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant United States Department of State (the "Department") submits this reply memorandum in support of its motion for summary judgment.

## I.  INTRODUCTION

This lawsuit stems from plaintiff's Freedom of Information Act ("FOIA") request to the Department for documents relating to plaintiff. The Department searched its principal, centralized file system as well as the two offices whose decentralized systems and working files were most likely to contain any such documents. The Department then provided in full to plaintiff the responsive documents retrieved. The only issue in this suit is whether the Department's search was reasonable in light of the information plaintiff provided.

## II.  ARGUMENT

The undisputed facts support a grant of summary judgment in favor of the Department of State. See Harrison v. Executive Office for U.S. Attorneys, 377 F. Supp. 2d 141, 145 (D.D.C. 2005) ("FOIA cases are typically and appropriately decided on

motions for summary judgment."). There is no disagreement that the parties sent each other the communications attached to the declaration of Margaret P. Grafeld, and the content of those communications speaks for itself. Furthermore, it is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See, e.g., Alyeska Pipeline Service Co. v. EPA, 856 F.2d 309, 314 (D.C. Cir. 1988) ("[A] motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists.").[1]

The record clearly and fully supports the determination that the Department's search was more than adequate. See Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) ("[A]ffidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA."). The affidavit of an official responsible for supervising or coordinating the search efforts, as here, is sufficient to fulfill the "personal knowledge" requirement. See, e.g., Carney v. U.S. Dep't of Justice, 19 F.3d 807, 814 (2d Cir. 1994) ("An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy [Federal Rule of Civil Procedure] 56(e); there is no need for the a to supply affidavits from each individual who participated in the actual search."); SafeCard Services, v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

It is difficult to imagine how the Department could have designed and executed a more reasonable search. Plaintiff originally requested "[a]ll documents relating to me, Juan Carlos Ginarte," with no limits and no further guidance as to the potential nature or

---

[1] The appropriate vehicle to challenge defendant's motion and establish the need for discovery in this case is a Fed. R. Civ. 56(f) motion, supported by a sworn affidavit(s). Instead, plaintiff has simply opposed defendant's motion and provided only bare assertions relating to the need for discovery.

location of any such documents.  Grafeld Decl. at Ex. 1.  In response, the Department asked for guidance that might help target a search within its enormous array of records and records systems, given that the "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters.'" Judicial Watch, Inc. v. Exp.-Imp. Bank, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (quoting Assassination Archives & Research Ctr. v. CIA, 720 F. Supp. 217, 219 (D.D.C. 1989)); see also id. ("[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome . . . ."); Campbell v. U.S. Dept. of Justice, 164 F.3d 20, 29 (D.C. Cir. 1998) (explaining that a requester must establish a "sufficient predicate" to justify searching for a particular type of record).

Specifically, the Department asked plaintiff for any guidance he could provide with respect to other names and aliases used; the date, subject, or type of records sought; any countries concerned; offices that might have created the records; offices that might currently have the records; information helpful for locating visa and security clearance records, and "any other information which you believe might be helpful in our search for documents." Grafeld Decl. at Ex. 3.  Plaintiff's reply was minimal.  He provided two nicknames, mentioned "documents concerning surveillance or investigation," and excluded visa or security clearance information from the scope of the request.  Plaintiff offered nothing at all with respect to the other information the Department had sought. Id. at Ex. 5.

In light of the limited information plaintiff provided, the Department searched the only places that had any reasonable likelihood of containing records relating to plaintiff. See id. at "Conclusion;" see also Snyder v. CIA, 230 F. Supp. 2d 17, 21 (D.D.C. 2002)

3

(noting that FOIA does not require a search of "every conceivable area where responsive records might be found"). The Department first searched the Central Foreign Policy File, its principal records system and its most comprehensive and authoritative compilation of documents. Grafeld Decl. ¶ 10, 13. These searches were done by Department personnel familiar with the records system, using as search terms information about plaintiff including his name and nicknames. Id. ¶ 14; see generally Iturralde v. Comptroller of Currency, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (explaining requirements for an adequate search description); cf. Campbell, 164 F.3d at 28 ("When a request does not specify the locations in which an agency should search, the agency has discretion to confine its inquiry to a central filing system if additional searches are unlikely to produce any marginal return.").

Besides the search of the centralized records system, the Department also searched decentralized records systems and working files. Grafeld Decl. ¶ 15-17. First, the Department searched the records maintained by the Office of Passport Services, as these records concern many U.S. citizens, like plaintiff. Id. ¶ 18. Such a search is in keeping with the Department's usual practice when faced with a citizen's request for records about himself when there is too little background information to speculate about other places that might be reasonable to search. See id. ¶ 20; Campbell, 164 F.3d at 28 (noting that an agency "need not conduct [searches of particular records systems] when the FOIA requester does not expressly ask it to do so. . . . An agency has discretion to conduct a standard search in response to a general request . . . ."); Garcia v. U.S. Dep't of Justice, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002) ("The agency is not expected to take extraordinary measures to find the requested records . . . .").

4

Plaintiff's mention of "surveillance or investigation," Grafeld Decl. at Ex. 5, was the only additional lead for determining what bureaus and offices in the Department might have any responsive records. Accordingly, the Department conducted an additional search of the decentralized and working files of the Bureau of Diplomatic Security, which maintains security and investigatory files. Grafeld Decl. ¶ 17, 19. Both this search and the search of the Office of Passport Services records were performed by individuals employed within those offices who were knowledgeable of both the office records systems and the subject of plaintiff's FOIA request. Id. ¶ 20; see also id. at Ex. 7 at 3.

The Department's searches produced two documents concerning plaintiff, both of which were released to plaintiff in full. Id. at "Conclusion." There are no other records systems in the Department that are likely to produce responsive documents if searched. See id.; Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (noting requirement that the affidavit "aver[] that all files likely to contain responsive materials . . . were searched"); see also Triestman v. U.S. Dep't of Justice, 878 F. Supp. 667, 672 (S.D.N.Y. 1995) ("[A]ffidavits attesting to the thoroughness of an agency search of its records and its results are presumptively valid."). The Department has accordingly met its burden of making "'a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting Oglesby, 920 F.2d at 68); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (noting that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for

5

those documents was *adequate*.'" ) (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  Accordingly, summary judgment in defendant's favor would be appropriate.

Conversely, despite plaintiff's assertions, discovery would not be appropriate in this case.  In all FOIA actions, discovery is generally unavailable, inappropriate, and sparingly granted.  See Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003); Exp.-Imp. Bank, 108 F. Supp. 2d at 25; Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998), rev'd in part on other grounds, 185 F.3d 898 (D.C. Cir. 1999).   In particular, discovery is improper when, as here, "the affidavits supplied by the agency meet the established standards for summary judgment in a FOIA case and . . . plaintiff has not adequately called these submissions into question. . . ."  Public Citizen, 997 F. Supp. at 72-73.

Because the record evinces neither any material factual dispute nor any evidence of bad faith on the part of the Department, plaintiff's argument for discovery should be rejected.  See, e.g., Military Audit Project v. Casey, 656 F.2d 724, 751 (D.C. Cir. 1981) (affirming trial court's refusal to permit discovery when plaintiffs had failed to raise "substantial questions . . . concerning the substantive content of the [defendants'] affidavits"); Citizens for Responsibility & Ethics in Wash. v. Nat'l Indian Gaming Comm'n, 467 F. Supp. 2d 40, 56 (D.D.C. 2006) (finding no extraordinary basis to grant discovery because alleged deficiencies in agency's affidavits were not legally significant and there was no evidence of bad faith).  On the contrary, the record consistently reflects the Department's good-faith efforts.  The Department actively solicited further guidance on the search from plaintiff, conducted full searches in spite of plaintiff's limited response, and even reopened the case to conduct further searches to double-check that

responsive records had not been missed (as they evidently had not been).  Grafeld Decl. ¶ 6, 11.  Such extra effort constitutes a "'stronger, rather than weaker, basis' for accepting the integrity of the search."  Meeropol v. Meese, 790 F.2d 942, 953 (D.C. Cir. 1986) (quoting Military Audit Project v. Casey, 656 F.2d 724, 754 (D.C. Cir. 1981)).

The few FOIA cases for which discovery has been held appropriate are not on point, for unlike this case they involved patently inadequate searches that even failed to yield documents already known in advance to have existed.  See, e.g., Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 370-71 (D.C. Cir. 1980) (noting furthermore that an affidavit gave no detail as to the scope of the search); Bangoura v. U.S. Dep't of the Army, No. 05-0311, 2006 WL 3734164, at *6 (D.D.C. Dec. 8, 2006); Judicial Watch, Inc. v. U.S. Dep't of Commerce, 127 F. Supp. 2d 228, 230 (D.D.C. 2000).  Where affidavits are "relatively detailed," nonconclusory, submitted in good faith, and uncontradicted by countervailing evidence—as is the case here—discovery is not appropriate.  Weisberg, 627 F.2d at 370.

### III.  CONCLUSION

In light of the foregoing discussion, defendant's search for records fulfilled its obligations under the FOIA.  Defendant therefore respectfully requests that the court grant its motion for summary judgment, enter summary judgment in its favor, and dismiss plaintiff's action with prejudice.

                          Respectfully submitted,

                              /s/
                        JEFFREY A. TAYLOR , D.C. Bar # 498610
                        United States Attorney

                        /s/
RUDOLPH CONTRERAS, D.C. # 434122
Assistant United States Attorney

                        /s/
CLAIRE WHITAKER, D.C. # 354530
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Of Counsel:

Oliver M. Lewis, Esq.
Department of State
Office of the Legal Adviser