UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                             )
JUAN CARLOS GINARTE,         )
                             )
        Plaintiff,           )
                             )
     v.                      )   Civil Action No. 06-2074 (RWR)
                             )
CONDOLEEZA RICE,             )
                             )
        Defendant.           )
_____)
```

### MEMORANDUM OPINION

Plaintiff Juan Carlos Ginarte sued under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, alleging that the U.S. Department of State ("State Department") wrongfully withheld records he sought in his FOIA request.[1]  The State Department has moved for summary judgment under Federal Rule of Civil Procedure 56(c) claiming that it conducted a reasonable search for responsive documents and has met its obligations under the FOIA.  Because the State Department has shown that it conducted a reasonable search and met its obligations under the FOIA, summary judgment will be granted in its favor.

---

[1] Unlike other suits against agencies, a FOIA action may be brought only against the agency, not the agency head.  See 5 U.S.C. § 552(a)(4)(B); see also Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991) (stating that "no FOIA claim may be asserted against individual federal officials").  Accordingly, the Department of State rather than its Secretary, Condoleeza Rice, is deemed the defendant here.

-2-

## BACKGROUND

Ginarte first submitted a request to the State Department for any records relating to himself without indicating why the State Department might have records about him. (Decl. of Margaret P. Grafeld ("Grafeld Decl.") ¶ 4 & Ex. 1.) After the State Department asked Ginarte for more specific information to assist its search, Ginarte provided two nicknames, and again requested "all documents" about himself, "including, but not limited to, all documents concerning surveillance or investigation[.]" (Id. ¶¶ 6-8 & Ex. 1.) Based on the information Ginarte provided and using his name and nicknames as search terms, the State Department carried out multiple searches "designed to uncover all responsive records," of its "most comprehensive and authoritative compilation of documents," the Central Foreign Policy File ("Central File"), and two of its decentralized records systems at the Office of Passport Services and the Bureau of Diplomatic Security. (Id. ¶¶ 12-17.) The State Department's search resulted in two documents pertaining to Ginarte which were located by the Office of Passport Services and released to him in full.[2] (Id. ¶ 20.)

---

[2] Because the only two documents found pertaining to Ginarte were released to him in full, there is no issue here regarding FOIA exemptions.

-3-

## DISCUSSION

Summary judgment is appropriate if the pleadings and the evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In a FOIA case, for an agency to show that no genuine issue of material fact exists regarding the adequacy of its search, it "must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents."  Students Against Genocide v. Dep't of State, 257 F.3d 828, 838 (D.C. Cir. 2001) (quoting Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995)).  "[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  "Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment."  Nation Magazine, 71 F.3d at 890 (citing Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 370 (D.C. Cir 1980)).  The agency must present a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exit) were searched.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir.

-4-

1999) (quoting Oglesby, 920 F.2d at 68).  To resist summary judgment, "[t]he plaintiff may then provide countervailing evidence as to the adequacy of the agency's search." Iturralde v. Comptroller of Currency, 315 F.3d 311, 314 (D.C. Cir. 2003) (internal quotations omitted).

Ginarte argues that the State Department's search was inadequate because it limited its search to its Central Files and "the decentralized files were barely searched[.]"  (Opp'n at 4.) However, "[t]here is no requirement that an agency search every record system." Oglesby, 920 F.2d at 68.  The agency is required to show only that it made a reasonable effort to search for the requested records, setting forth its reasoning for why specific files were searched, what search terms were used, and "averring that all files likely to contain responsive materials (if such records exist) were searched[.]" Id.  Typically, when individuals request documents pertaining to themselves and provide little information as to why the department would have records related to them, the State Department searches only its Central File and the Office of Passport Services.  (Grafeld Decl. ¶ 20.)  Here, the State Department also searched the Bureau of Diplomatic Security because of Ginarte's suggestion that the department may have information pertaining to him regarding surveillance or investigation.  (Id.)  Ginarte has not shown why

-5-

the State Department's search was not reasonable in light of the information it had with which to guide its search.

Ginarte challenges the "reliability, accuracy, and credibility" of Grafeld's affidavit. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Opp'n") at 2.) His challenge fails because he offers no basis in reason or fact for questioning the affidavit, and under the law, "[a]gency affidavits enjoy a presumption of good faith[.]" Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 771 (D.C. Cir. 1981). Ginarte asserts that Grafeld's declaration is insufficient because it "heavily refers to search efforts by other persons" and she had little direct involvement with the search. (Opp'n at 2-3.) The agency's declaration of its search process need not come from the employee who performed the search. An affidavit from the person responsible for supervising the searches, like Grafeld, who is the State Department's Information and Privacy Coordinator and Director of the Department's Office of Information Programs and Services, may be more appropriate. SafeCard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1202 (D.C. Cir. 1991) (finding that an employee "in charge of coordinating the [agency's] search and recovery efforts . . . is the most appropriate person to provide a comprehensive affidavit"). (See also Grafeld Decl. ¶ 1.)

Ginarte also argues that summary judgment would be premature prior to completion of discovery. (Opp'n at 1.) His argument is

contrary to law.  "Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."  Schrecker v. U.S. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002).  Here, the State Department has demonstrated that it completed a thorough search reasonably designed to locate the requested documents, and Ginarte has failed to show that the State Department's search was inadequate.  Therefore, Ginarte's request for discovery will be denied, because there remains no genuine issue of material fact.

## CONCLUSION

Because the State Department has fulfilled its obligations under the FOIA and is entitled to summary judgment as a matter of law, it's motion for summary judgment will be granted.  An appropriate order accompanies this memorandum opinion.

SIGNED this 23rd day of July, 2007.

                              /s/
                              RICHARD W. ROBERTS
                              United States District Judge